NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EARL SMITH,                                      :
                                                 :    Civil Action No. 12-126 (WJM)
        Plaintiff,                           :
                                                 :
        v.                                  :    **OPINION**
                                                 :
PAUL K. LAGANA, *et al.*,                        :
                                                 :
        Defendants.                         :

**APPEARANCES:**

    Earl Smith
    495249/074511B
    Southwoods State Prison
    215 Burlington Road South
    Bridgeton, NJ 08032
    Plaintiff pro se

    Erin M. Greene
    State of New Jersey
    Office of the Attorney General
    Division of Law
    25 Market Street, P.O. Box 112
    Trenton, NJ 08625

**MARTINI, District Judge**

Before this Court is a motion to dismiss and/or for summary judgment filed by Defendants Lagana, Diggs, and Foley. For the reasons set forth below, this Court will grant Defendants' motion for summary judgment for failure to exhaust administrative remedies.

I. BACKGROUND

Plaintiff Earl Smith is currently incarcerated at Southwoods State Prison and serving a twenty-one-year sentence for robbery, assault, and weapons charges. He originally filed his Complaint in New Jersey Superior Court and Defendants Paul Lagana, Twanye Diggs, and Colm Foley filed their Notice of Removal of the Action to this Court on 1/6/2012. (Docket entry no.

1.) Plaintiff subsequently filed an Amended Complaint and a second Amended Complaint. (Docket entry nos. 5, 29.)

Plaintiff alleges that from October 16, 2011 to July 31, 2012, he was harassed and retaliated against by Defendant Diggs, a Senior Corrections Officer at Northern State Prison ("NSP"). (Docket entry no. 29.) Plaintiff also alleges claims that his rights were violated with respect to the Eighth and Fourteenth Amendment, the First Amendment, the New Jersey Civil Rights Act, the New Jersey Law Against Discrimination, and pendant state law claims. (Id.)

Plaintiff alleges that after a dispute with Defendant Diggs regarding which bed Plaintiff was assigned to due to a medical condition, Defendant Diggs threatened to harm Plaintiff physically. (Id. at ¶¶ 11-12.) Plaintiff alleges that subsequently Defendant Diggs retaliated against Plaintiff in various ways including destroying mail and administrative remedy forms, calling Plaintiff derogatory names, denying access to the shower, denying food by not opening the food port, by not submitting Plaintiff's canteen order, by denying Plaintiff a haircut, by threatening harm to Plaintiff and his family, and by disrupting Plaintiff's cell by a search and seizing his television. (Id. at ¶¶ 15, 16, 18, 27, 37, 35.) Plaintiff alleges that Defendant Lagana deprived Plaintiff of his Eighth and Fourteenth Amendment rights by condoning Defendant Diggs' alleged harassment and retaliation. (Id. at ¶¶ 47-54.)

## II.  LEGAL ANALYSIS

A.  Summary Judgment Standard[1]

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)

---

[1] In order to resolve the pending motion, the Court must consider evidence outside of the pleadings, which would be inappropriate under Rule 12(b)(6). Thus, the Court will analyze the motion solely through the lens of summary judgment under Rule 56. To the extent Defendants sought to move separately to dismiss under Rule 12(b)(6), the Court's decision on summary judgment renders any such motion moot.

(noting that no triable issue exists unless there is sufficient evidence favoring nonmoving party for jury to return verdict in its favor).  In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  However, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him."  *Matsushita*, 475 U.S. at 586; *see also* Fed. R. Civ. P. 56(e)(3).  "Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally."  *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  But a plaintiff's pro se status does not excuse him from the obligations of Rule 56.  *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 420 n. 10 (3d Cir. 2000).

B.     Failure To Exhaust Administrative Remedies

Defendants argue that Plaintiff has failed to exhaust his administrative remedies with respect to the alleged claims presented here.  Exhaustion of administrative remedies is required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  This Court agrees with Defendants' assertion that Plaintiff has not fully exhausted his administrative remedies and as such this Court is barred from undertaking further review of Plaintiff's claims.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA exhaustion requirement requires proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) (citing *Woodford*).  That means a prisoner must show compliance with his prison's specific grievance procedures prior to filing suit.  *Drippe*, 604 F.3d at 781.  "The availability of administrative remedies to a prisoner is a question of law."  *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (quoting *Ray v. Kertes,* 285 F.3d 287, 291 (3d Cir. 2002)).   The Prison Litigation Reform Act (hereinafter referred to as "PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to prisoners who were in custody at the time of filing the original complaint. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Exhaustion is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. If a failure to exhaust administrative remedies is shown, a motion to dismiss or a motion for summary judgment may be properly granted, depending on the circumstances of the case. *Terrell v. Benfer*, 429 F. App'x 74, 77 (3d Cir. 2001); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Summary judgment is appropriate where the court relies on matters outside the pleadings which demonstrates a failure to exhaust. *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000).

Prisoners must exhaust all available administrative remedies, even where the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Section 1997e(a) contains no futility exception that would excuse a failure to exhaust. *Id.* at 741 n.6. Additionally, section 1997e(a) requires "proper exhaustion," as that term is used in administrative law. *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Compliance with prison grievance procedures is sufficient to properly exhaust. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id.*

The Third Circuit has held that the grievance procedure set forth in the prison handbook is an "administrative remedy" within the meaning of the PLRA exhaustion provision and must be exhausted before a prisoner may pursue a section 1983 claim involving prison conditions and incidents. *Conception v. Morton*, 306 F.3d 1347, 1354-55 (3d Cir. 2002).

Since Plaintiff was an incarcerated individual at the time of filing his Complaint, the exhaustion requirement is applicable to his claims. From a review of the arguments made by Defendants in their motion and the documents provided by Defendants accompanying the

pending motion, it appears that Plaintiff did not comply with NSP's grievance system for prisoners requesting administrative remedies as to the issues he wishes to now present before this Court. (Docket entry 21-3.) The NSP Inmate Handbook details the administrative remedy process which entails submission of Inmate Remedy System Forms including an appeals process. (*Id.*) The grievance process is not complete until the inmate has appealed any response to the initial grievance and received a response to the appeal. (*Id.*)

Defendants have provided copies of inmate remedy forms filed by Plaintiff while at NSP. Even though Plaintiff did appear to initiate the grievance process on certain occasions as to issues presented in this litigation, Plaintiff did not comply with PLRA prerequisite to filing suit that the administrative remedies must be fully exhausted as per the requirements set forth in the inmate handbook. While he did file grievances, it appears that he filed no grievances whatsoever regarding certain claims and further did not exhaust the full remedy system and file any appeal as to the responses received regarding the issues for which he did initially file grievance forms.

Even though Plaintiff argues as part of this litigation that Defendant Diggs thwarted Plaintiff's ability to submit certain grievances, there is nothing in the facts presented that would show that Diggs orchestrated a conspiracy that would have prevented Plaintiff access to the remedy process at every moment of every day. As Defendants suggest in their brief, even assuming any allegations as presented by Plaintiff are true, there is no suggestion that Plaintiff was completely shut down from all means of communication at all times.

Since Plaintiff failed to comply with the requirement to exhaust his administrative remedies, he is barred from bringing his claims before this Court and summary judgment shall be granted to Defendants.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion for summary judgment. An appropriate order accompanies this Opinion.

                                        s/William J. Martini
                                        _____
                                        William J. Martini
                                        United States District Judge

Dated: 3/12/13